IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASH REGISTER,

      Petitioner,                    No. 2:13-cv-1372-JAM-EFB P

   vs.

R.J. RACKLEY,                      ORDER AND
                                              FINDINGS AND RECOMMENDATIONS

      Respondent.

_____/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request is granted.

Petitioner challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on April 18, 2012. Petitioner claims that the Board's 2012 decision was unconstitutional because it was not supported by some evidence of his currently dangerousness. ECF No. 1 at 5-12. Petitioner further alleges that he is being confined beyond his maximum base term, which violates his right to due process. *Id*. at 18. For the reasons explained below, the undersigned finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring

1

summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

## I.     Some Evidence Claim

Petitioner alleges that the Board's decision that he was unsuitable for parole was unconstitutional because the reasons given by the Board were not supported by evidence that he currently poses a danger to public safety. ECF No. 1 at 5-12. Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). However, the United States Supreme Court has limited federal habeas review of a parole denial to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 862 (2011). Under that standard a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 862.

Here, petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. 131 S.Ct. at 862-63. Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2012 parole suitability hearing and received a statement of the reasons why parole was denied. *See* ECF No. 1 at 69-184 (noting both petitioner's participation in the hearing and the Board's reasons for denying parole). This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63.

/////

/////

Petitioner's contention that the reasons provided were insufficient to satisfy California's "some evidence" does not provide a basis for relief. As petitioner received all the process that he was due, he is not entitled to relief on his claim.

**II.     Base Term Claim**

Petitioner claims that his base term release date has been fixed under California's Determinate Sentencing Law, and that he is being held beyond this date in violation of his right to due process. Petitioner is mistaken.

Petitioner alleges that he was convicted of first degree murder in 1979, and was sentenced to 25 years to life in prison. ECF No. 1 at 1. Contrary to petitioner's belief, his sentence of 25 years to life is an indeterminate sentence. California Regulations require the Board to "set a base term for each life prisoner who is found suitable for parole." Cal. Code Regs. tit. 15, §§ 2282(a), 2403(a). However, [r]egardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison. Cal. Code Regs. Tit. 15, § 2281(a); *see also* Cal. Penal Code § 3041(b) (stating that a parole date cannot be fixed where the Board finds the inmate unsuitable for parole).

Petitioner was found unsuitable for parole at his 2012 parole hearing. The Board was therefore not required to set a base term release date. Accordingly, petitioner is not entitled to relief on this claim.

**III.    Conclusion**

For the reasons stated above, the petition must be summarily dismissed. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

/////

Accordingly, it is hereby ORDERED that petitioner's request for leave to proceed *in forma pauperis* is granted.

Further, it is RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed.

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4